

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4023

Re: Traveling expenses --
deviation from reasonable
line of travel.

Your letter of October 12th asks whether the Comptroller is warranted in declining payment of the expense account of Carl G. Clifft, copy of which you enclose.

From this account it appears that Mr. Clifft was summoned from Amarillo to Austin to attend a staff meeting; that he travelled by automobile; that he left Amarillo at 9:00 A. M. on August 30th and arrived at Dallas at 9:00 P. M.; spent the night at the Mayfair Hotel in Dallas, at a cost for room of $2.50; left Dallas for Austin at 2:00 P.M., August 31st, after purchasing breakfast and lunch @ 50¢ each in Dallas. Payment of the expense account for the $3.50 thus expended in Dallas was refused by the Comptroller on the ground that the expenses were incurred at a point outside any reasonable line of travel between Amarillo and Austin.

Section 12, of S. B. 423, Acts 47th Legislature, (the current departmental appropriation bill) provides in part: "No traveling expenses shall be claimed, allowed, or paid unless incurred while traveling on State business."

From the expense account submitted, the trip to Dallas represents a distinct and unexplained departure from any usual or reasonable line of travel by automobile from Amarillo to Austin. In the absence of a statement of facts showing a necessity for such departure from a reasonable line of travel, the presumption obtains that the departure

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

514

Honorable L. A. Woods - page 2

or side excursion was not on State business, but upon a mission or for reasons personal to the employee. So far as appears from the expense account, therefore, the expenses disallowed were not incurred while on State business, and the Comptroller was not only authorized but required by law to refuse payment.

It is of no importance in this connection that the same expenses might or would have been incurred in the reasonable line of travel from Amarillo to Austin. It is sufficient to point out that they were not so incurred; that expenses incurred in the reasonable line of travel are incurred while traveling on State's business, while expenses incurred outside the reasonable line of travel are not incurred while traveling on State's business.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          R. W. Fairchild
                 Assistant

RWF-MR

APPROVED OCT 22, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY _____ CHAIRMAN